IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMIBA

UNITED STATES OF AMERICA   :

Vs.                              : Cr. 193-05 (ESH)

ANTHONY WEDGE                :

## MOTION FOR MODIFICATION OF
## CONDITIONS OF RELEASE

Comes now the defendant, Anthony Wedge, by and through counsel, and
moves that his conditions of release be modified and that he be placed into
Pretrial's intensive supervision program with electronic home monitoring based
upon the following:

1. At a detention hearing held on April 29, 2005 Anthony Wedge was held
   without bond by Magistrate Judge Robinson.

2. Pretrial Services recommended personal recognizance. In the alternative
   Pretrial Services has recommended placement into their intensive
   supervision program, with electronic home monitoring as a component of
   the program.

3. Pretrial Services has interviewed and approved Patricia Wedge, Anthony's
   mother, as the custodian and person that he would be living with at 2611
   Boones Lane, District Heights, Maryland 20747.

4. Although Mr. Wedge is eligible for the intensive supervision program,
   Pretrial Services advises that he must clear up outstanding traffic warrants
   pending before he can be actually placed into the program.

1

5. Mr. Wedge needs to be released to take care of these matters because some of these tickets were incurred by his father who has the same name, or could not have been him because he was incarcerated at the time the ticket was incurred. He was unaware that there were outstanding warrants, or he would have cleared up this matter earlier.

6. Although Mr. Wedge is currently on probation in Maryland, his adjustment is listed as satisfactory on the Pretrial Services Report. The fact that Mr. Wedge has been on probation since October 27, 2001 and has not been revoked speaks for itself.

7. From October 2003 until February 2005 Mr. Wedge worked full time at Jiffy Lube changing oil, doing inventory and working in customer service. Due to cut backs he was put in a part-time, three times per week status but hope to get back to full time status.

8. At the detention hearing in this matter, the government introduced a police report alleging that Yolanda Leftwich, Mr. Wedge's girlfriend, told police that Mr. Wedge physically assaulted her and displayed a gun to her during an argument.

9. When called by the defense as a witness, Ms. Leftwich denied that Mr. Wedge had ever physically assaulted her or displayed a gun. She further testified that she had no fear of Mr. Wedge and she wanted him to return home.

2

10. The alleged domestic assault case arising out of this incident was sent to Superior Court and no-papered.

11. Mr. Wedge is a life-long resident of the District of Columbia Metropolitan area. Although he did not finish high school, he did obtain his GED in 1996.

12. There is no record of Mr. Wedge having failed to appear for court on any of his non-traffic related offenses. Moreover, Mr. Wedge denies that the majority of traffic warrants are for him as his father has used his name.

13. These traffic warrants can be cleared up if he gets out.

14. Four persons have submitted letters on behalf of Mr. Wedge, including his pastor and his girlfriend, attesting to his peaceful nature and nonviolence towards his girlfriend. (See Exhibits 1-4).

WHEREFORE, it is respectfully requested that Mr. Wedge be released for three weeks so that he can clear up any outstanding traffic warrants, and then placed into the intensive supervision with electronic home monitoring program.

Respectfully Submitted,

Jane Carol Norman, #384030
Bond & Norman PLLC
700 5th St. N.W. #200
Washington, DC 20001
(202) 682-4100

Counsel for Anthony Wedge

3

## MEMORANDUM OF POINTS AND AUTHORITIES

18 U.S.C. § 3142 (c ) (1) (B) states that if a judicial officer does not feel that a defendant should be released on personal recognizance, or on other conditions, then the judicial officer should order the pretrial release of the person:

"subject to the least restrictive further conditions, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community..."

18 U.S.C. § 3142(g)(3)(A), referencing detention hearings, states that a judicial officer shall consider, amongst other things, the person's character, employment, family ties, length of residence in the community and like factors. Mr. Wedge has been fully employed until recently (and until his incarceration worked part-time); has extensive family ties to the area and is a life-long resident.

Mr. Wedge does not have any history of violent assault type convictions. Although he is charged with having a firearm, there is no evidence that he ever pointed the firearm at anyone, or ever fired the firearm. His girlfriend has provided a letter stating that he has never been violent towards her, and

4

she testified to that at the detention hearing.  Further, he would not even be living with her.

Home detention would be the perfect combination of conditions of release for Mr. Wedge, and his mother.

WHEREFORE, it is respectfully submitted that his bond review motion be granted.

Respectfully Submitted,

Jane Carol Norman

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2005, a copy of the foregoing was sent by electronic means to: AUSA Wanda J. Dixon, Office of the United States Attorney, 555 4th Street, N.W., Washington, DC 20001, at Wanda.dixon@USdoj.Gov.

Jane Carol Norman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMIBA

UNITED STATES OF AMERICA   :

Vs.                              : Cr. 193-05 (ESH)

ANTHONY WEDGE                    :

### ORDER

Having fully considered the defendant Anthony Wedge's Motion for

Modification of Conditions of Release, and any opposition thereto, it is hereby

ORDERED, on this _____ day of June, 2005, that the motion be and hereby is

GRANTED, and that Mr. Wedge be released on today's date. It is further ordered

that he be on personal recognizance for three weeks with the condition that he

live with his mother, Patricia Wedge, and that he have a reasonable curfew

imposed by Pretrial Services. It is further ordered that at the end of three weeks

he be placed into the Pretrial Services most intensive supervision program with

electronic home monitoring.

_____
Judge Ellen S. Huvelle

Cc:

Jane Carol Norman
Bond & Norman PLLC
700 5th St. N.W. #200
Washington, DC 20001

AUSA Wanda J. Dixon
Office of the US Attorney
555 4th St. N.W.
Washington, DC 20001

ST. THOMAS MORE
ROMAN CATHOLIC CHURCH

4275 Fourth Street, Southeast
Washington, District of Columbia 20032

202-562-0431
202-563-7347 (fax)

May 24, 2005

To Whom It Concern,

I write on behalf of Anthony L. Wedge Jr. I have been made aware that Mr. Wedge has been charged with Unlawful Possession of a Firearm and being a threat to society. I want to write on Anthony=s behalf that, to the best of my knowledge, he should not be considered a threat to society. Anthony has visited here at the church on many occasions, even lending help when needed. He was always most pleasant, even tempered and helpful. In no way did anyone ever express concerns or consider him a threat at any time he visited  the rectory which is fully staffed. I am Yolanda Leftwich=s supervisor and will attest that at no time did she ever express to me any concern for her safety related to Anthony. I fully support Anthony receiving a bond hearing or being released on personal recognizance. If I can provide any further information please feel free to contact me at the above listed numbers.

Sincerely in Christ,

Rev. Chs Pp

Rev. Charles E. Pope
Pastor

Ex. 1

May 26, 2005

To Whom It May Concern,

I am writing this letter on behalf of Anthony Wedge Jr. whom the court deems to be a threat to society. Anthony have never displayed any form of violence to me or in my presence against anyone else. I consider Anthony to be a rehabilitated, model citizen despite his previous conviction. Mr. Wedge has always held steady employment and faithfully reports to his probation officer every month. I feel that Mr. Wedge is not at all a flight risk and if given the chance he would attend all court hearings if released. I fully support Anthony being released on bond or personal recognizance. I have never in any way felt fearful for my safety nor do I feel he is a threat to society. Thank you for your patience and consideration in this matter. If you have any questions or concerns in reference to this matter, please do not hesitate to call me at H-(202) 562-2487 or C-(240) 304-2487.

Thank You,

Yolanda Leftwich

Ex. 2

May 26, 2005

To whom it may concern:

Re:  Anthony Wedge Jr.

     I am writing to you on behalf of Anthony Wedge who is considered to be a threat to society. The crime for which Mr. Wedge is being accused of is indeed a serious one and I am sure that he is innocent. I have never witnessed or even heard of Mr. Wedge being a threat to my sister Yolanda Leftwich, during the entire time that I have known him. I have discussed the recent accusations against Mr. Wedge with my sister and she informed me that at no time did she ever mention to the arresting officer that Mr. Wedge harmed her or even threatened to harm her in any way. I am in support of Anthony Wedge Jr. being released immediately on personal recognizance or being given a bond hearing. If I can be of further assistance to you in regards to this matter, please do not hesitate to contact me at (301) 749-8205.

Thank you for your time and patience in this matter.

Sincerely,

Kisha Sidberry

9400 Sandy Creek Road
Fort Washington, MD 20744

Ex. 3

May 26, 2005

To Whom It May Concern,

I am writing this letter on behalf of Anthony Wedge Jr. I have been friends with Mr. Wedge girlfriend, Yolanda Leftwich for 22 years and view her as a sister. As long as I have known Mr. Wedge while dating Ms. Leftwich I have never witnessed or heard of Mr. Wedge harming Ms. Leftwich in any way. Although I have only known Mr. Wedge for a few years, I feel that Mr. Wedge in no way is a threat to society. I feel that Mr. Wedge should be released on bond or personal recognizance. Thank you for your time and patience in this matter. If I can be of further assistance to you, please do not hesitate to call me at (202) 889-8465.

Thank You,

Rolanda Jones

Ex. 4