UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-193(ESH) |
| | : | |
| ANTHONY WEDGE, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR MODIFICATION OF
CONDITIONS OF RELEASE

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant's Motion for Modification of Conditions of Release. In support of this pleading, the government makes the following representations:

PROCEDURAL BACKGROUND

The defendant is charged by indictment with one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, U.S.C. section 922(g)(1). He made his initial appearance before Magistrate Judge Robinson, on April 29, 2005. At that time, the government moved for his pretrial detention pursuant to 18 U.S.C. 3142(f)(1)(D) and 3142 (d)(1)(A)(iii). The government's request was granted. Later that day, the Court held a detention hearing and Magistrate Judge Robinson issued an order granting the government's motion to detain the defendant, finding by clear and convincing evidence that no condition of release or combination of conditions would assure the safety of the community or the defendant's appearance in court. Through counsel, the defendant now asks the

Court to reconsider the issue of pretrial detention, and release the defendant for three weeks so that he can clear up any outstanding traffic warrants, and then to place him into the intensive supervision program with electronic home monitoring.

## ARGUMENT

The defendant presents no new information to the Court in support of his motion for modification of his bond status.[1] The government notes that the defendant candidly admits that he has several outstanding traffic warrants, some of which may or may not be rightfully attributed to him.[2] However, it is clear that the defendant is also admitting that some of the warrants are rightfully attributed to him. Consequently they are clear and obvious proof of the defendant's unreliability. If even a few of the warrants are rightfully attributed to him, the fact that he claims to be unaware of them indicates that he did not keep the motor vehicle administration apprised of his current address, since that is the way that most people are notified of their traffic infractions. This is in no way an indication that the defendant is reliable, or that he should be trusted to get out of jail, go clear up the warrants, and then turn himself back in. Moreover, the defendant's motion includes a letter from the defendant's girlfriend, Ms. Leftwich, who states that she has no fear of the defendant, and that he did not physically assault her or display a gun to her. However, the testimony

---

[1] To the extent that the defendant's motion includes as attachments letters from people who did not testify at the detention hearing, none of the letters present any new information to the Court, but are merely personal opinions espoused by the writers to the effect that they do not believe that the defendant presents a danger to the community.

[2] The government notes that the defendant's statement that some of the warrants are the result of a relative using his name is just a bare assertion. While defendant's motion contains several attachments from people opining as to his reputation for peacefulness, it contains absolutely no information that would support a claim that the outstanding warrants belong to anyone other than the defendant.

of Ms. Leftwich to that effect was presented to Magistrate Judge Robinson at the time of the detention hearing, and the matter was duly considered by her when she rendered her decision.

During the detention hearing, the Court was made aware that the defendant has two prior criminal convictions for distribution and possession with intent to distribute drugs. The evidence against the defendant in the case at bar is strong–he was seen by the officers to throw down a black hand into a small confined area. The defendant has not rebutted the presumption that his release would constitute a danger to the community. Despite his request to take advantage of the Intensive Supervision Program, the government submits that nothing in the defendant's background or inherent in the facts of the charged offense indicate that this kind of community supervision would suffice to protect the community from the defendant. In fact, the evidence is to the contrary, since defendant was on probation in Maryland at the time of this event, and that did not protect the community from his involvement in the case at bar.

WHEREFORE, for these reasons, and any others that may appear to the Court should there be a hearing on this matter, the government requests that the defendant's Motion for Modification of Conditions of Release be denied and the defendant continue to be held without bond pending trial.

Respectfully submitted,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

By: _____

WANDA J. DIXON
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
202/514-6997