UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY LEO WEDGE, JR.,<br><br>Defendant. | Criminal No. 05-193<br>(Magistrate No. 05-221M-01)<br>ESH/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with unlawful possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on April 29, 2005.[*]

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins,

---

[*] At the time of the hearing, Defendant was charged by criminal complaint. He has since been indicted.

United States v. Wedge                                                                                                2

826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Counsel for the government presented its sole witness, Metropolitan Police Department Officer Stephen Murphy, who testified that on April 25, 2005, he was on patrol at the time a young lady approached him and said that a man had a weapon. Officer Murphy saw the Defendant, who was walking briskly, remove a gun from his waistband and toss it to the ground. Officer Murphy also testified that the Defendant was facing him at the time he tossed the gun to ground. The Defendant fled but was subsequently apprehended. The gun - - a loaded 40 caliber semi-automatic

United States v. Wedge 3

handgun - - was recovered.

Counsel for the government, in further support of the government's request for pretrial detention, offered into evidence certified copies of Defendant's prior felony cocaine convictions. Counsel for the government proffered that Defendant had failed to appear on four occasions, and that warrants are still outstanding. Counsel for the government further proffered that the Defendant is currently on probation in Maryland for drug distribution and gun offenses.

Defendant offered the testimony of his girlfriend, Yolanda Leftwich. She testified that she did not tell the police that her boyfriend had a gun. On cross examination, she testified that she told Officer Murphy that a "guy had a gun" and that she was angry or upset with the Defendant, and for that reason, told the police that he had a gun.

Defendant, through counsel, proffered that his compliance with probation is satisfactory. Defendant's counsel also proffered that Defendant's mother was present at the hearing, and that the Defendant could be released into her custody; that the Court could set a curfew and conditions for electronic monitoring; that he was laid off in March, 2005 from Jiffy Lube, but is currently working part-time; and that he has strong ties to the community.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance in court, and by clear and convincing evidence that no condition or combination of conditions would assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was in actual possession of a loaded semi-automatic weapon.

Second, for the reasons proffered by counsel for the government, the undersigned finds that

United States v. Wedge                                                                                           4

the weight of the evidence against the Defendant is compelling.

Third, while Defendant has some ties to the community, his history and characteristics militate against pretrial release. Of particular significance is that at the time of his arrest in this action, Defendant (1) was on probation in Maryland for drug distribution and a gun offense the same offense conduct with which he is charged here; (2) had previously been convicted of two felony drug offenses; and (3) had previously failed to appear for court proceedings four times resulting in the issuance of warrants.

Finally, the undersigned is satisfied that the toll which unlawful possession of semi-automatic weapons has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the government's evidence, coupled with Defendant's poor record of amenability to community supervision, compel the conclusion that the community would be endangered by his release, and that he poses a risk of flight.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 29, 2005 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

June 2, 2005
DATE

NUNC PRO TUNC to
April 29, 2005