UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES OF AMERICA   :

VS.                        : Cr. 05-180 (ESH)

ANTHONY LEO WEDGE, JR.     :

## MOTION TO SUPPRESS EVIDENCE

Comes now the defendant, Anthony Leo Wedge, Jr., by and through counsel, and moves to suppress the evidence in this case based upon the following:

1. On or about April 25, 2005 Anthony Leo Wedge was walking down Barnaby Street towards Wheeler Road SE.

2. Police were flagged down by his girlfriend, Yolanda Leftwich. Police state that she excitedly pointed towards Mr. Wedge and yelled out that he had a gun. However, Ms. Leftwich took the stand at the preventive detention hearing and disputed the police officers version of events, denying that she was excited and disputing other facts. She further testified that she did not believe Mr. Wedge actually did have a gun.

3. Mr. Wedge allegedly began to walk more quickly. Officers gave chase, chasing Mr. Wedge first to the door of 910 Barnaby Street which was locked, and then to the door of 914 Barnaby Street.

4. Officers allege that when they were approximately 15-20 feet from Mr. Wedge, they were closing in on him. As he was essentially trapped, they

1

allege that Mr. Wedge reached into the front of his jeans waistband, pulled out a black hand gun and tossed it approximately 5 feet away.

5. Officers had no probable cause to follow and chase Mr. Wedge based upon the word of a total stranger, who in fact denies that she was distraught or actually meant that Mr. Wedge had a gun.

6. Because officers had not probable cause to chase Mr. Wedge, and because they had him hemmed in and therefore in custody at the time the gun was discarded, the evidence should be suppressed,

WHEREFORE, it is respectfully requested that the firearm and ammunition be suppressed.

Respectfully Submitted,

_____
Jane Carol Norman, #384030
Bond & Norman PLLC
700 5th Street, N.W.
Washington, DC 20001
(202) 682-4100
Fax: (202) 638-1461

Counsel for Anthony Wedge, Jr.

## MEMORANDUM OF POINTS AND AUTHORITIES

An officer may stop and briefly detain a person for investigative purposes (that is, a Terry stop), when there is "reasonable suspicion" based on articulable facts, that criminal activity is afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Whether there is reasonable

suspicion depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. *United States v. Arvizu*, 544 U.S. 266 (2002) (reaffirming "totality of the circumstances" test); *United States v. Crittendon*, 883 F.2d 326, 328 (4th Cir. 1989).

Courts have largely found the intrusion created by an investigative stop to be minimal, and therefore the reasonable suspicion standard not to be onerous. On the other hand, neither an officer's reliance on a "mere hunch," *United States v. Arvizu*, 544 U.S. 266 (2002), nor an uncorroborated anonymous tip, is sufficient to establish reasonable suspicion. Accord *Florida v. J.L.*, 529 U.S. 266, 270-74 (2000) (anonymous telephone tip that young black male at bus stop wearing a plaid shirt was carrying a gun did not constitute "reasonable suspicion." *United States v. Jones*, 242 F.3d 215, 218-19 (4th Cir. 2001)(vehicle stop based on uncorroborated anonymous tip held unconstitutional, suppressing evidence and vacating conviction) and United States v. Sprinkle, 106 F.3d 613, 618-19 (4th Cir. 1997) ("reasonable suspicion " must include "particularized evidence that...criminal activity is afoot," finding government's showing lacking on the facts of that case).

Here, police acted upon the uncorroborated tip of a girlfriend, which was not sufficient in and of itself to start chasing Mr. Wedge.

Neither being in a "high crime area" nor "unprovoked flight" standing alone, is enough to constitute "reasonable suspicion." *Illinois v. Wardlow*, 528 U.S. 119,

124 (2000). (Although both unprovoked flight in a high crime area together would justify a Terry stop). In *Wardlow*, The Supreme Court distinguished between "unprovoked flight" which is inherently suspicious, and situations in which individual "ignore[s] the police and go[es] about his business or simply "refuses to cooperate," which are not inherently suspicious, id. At 125, citing *Florida v. Royer*, 460 U.S. 491, 498 (1983) (when an officer, without reasonable suspicion or probable cause, approaches an individual, he has a right to ignore police and "go about his business").

    This was an uncorroborated "tip" that did not justify the chase and cornering of Mr. Wedge.

    WHEREFORE, it is respectfully requested that this motion be granted and that the firearm and ammunition be suppressed.

                    Respectfully Submitted,

                    Jane Carol Norman, #384030
                    Bond & Norman, PLLC
                    700 5th St. N.W. #200
                    Washington, DC 20001
                    202-682-4100
                    Fax: 202-638-1461

Counsel for the Defendant
Anthony Leo Wedge, Jr.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2005, a copy of the foregoing was sent via electronic transmission to: AUSA Wanda Dixon, Office of the United States Attorney, 555 4th Street, N.W., Washington, DC 20001.

_____
Jane Carol Norman