UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-193(ESH) |
| | : | |
| **ANTHONY WEDGE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year. Defendant has been previously convicted of the following offenses:

    a.    the felony offense of Possession of a Controlled Dangerous Substance (Cocaine) with the Intent to Distribute in the Circuit Court for the State of Maryland, Prince George's County, CT 96-0242X, in which he received a sentence of 3 years, with all but 1 year suspended on May 24, 1996.

  b. the felony offense of Distribution of a Controlled Dangerous Substance (Cocaine) in the Circuit Court for the State of Maryland, Prince George's County, CT00-1916X, in which he received a sentence of 10 years without parole on July 6, 2001 (sentence later reconsidered to residential drug treatment on June 27, 203).

 Should defendant choose to testify, the Government would seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

 2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Each of the crimes mentioned above was punishable by more than one years' imprisonment. He was released from custody within the last ten years. This Court should permit the use of those convictions to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

 3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Accordingly, should he choose to testify, the defendant's credibility will be a central issue. The probative value of the convictions, therefore, is quite high.

 With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by their probative value. See United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining

credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

**III. Fed. R. Evid. 609(b).**

      4.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant both of the defendant's convictions occurred within the last ten years. Thus, the convictions may properly be used for impeachment.

    WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN
                                United States Attorney

BY:      _____
                                WANDA J. DIXON
                                Assistant United States Attorney
                                Organized Crime and Narcotics Trafficking Section
                                555 Fourth Street, N.W., Room 4235
                                Washington, D.C. 20530
                                202/514-6997