UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES OF AMERICA   :

Vs.                        :  Cr. 193-05 (ESH)

ANTHONY WEDGE             :

MOTION IN LIMINE TO EXCLUDE STATEMENTS
AND EVIDENCE OF OTHER CRIMES
MADE AT THE SCENE BY YOLANDA LEFTWICH

Comes now the defendant, Anthony Wedge, through counsel, and moves that statements allegedly made at the scene by Yolanda Leftwich be excluded based upon the following:

1. On April 25, 2005 at approximately 1556 hours Officers Murphy and Larson were flagged down by Ms. Yolanda Leftwich, the girlfriend of Anthony Wedge.

2. According to the officers, Ms. Leftwich was distraught and told them that Mr. Wedge had a gun. After Officers had chased and arrested Mr. Wedge, Ms. Leftwich allegedly told the officers that Mr. Wedge had shoved her into a bathroom wall and was otherwise physically abusive before leaving their apartment, had lifted his shirt to display the gun in the front of his jeans and said "suck my dick."

3. At the preventive detention hearing Ms. Leftwich denied being distraught or having seen Mr. Wedge with a gun or intending to mean that he actually had a gun.

4. Her statements do not qualify as excited utterances.

1

5. Further, her statement that Mr. Wedge showed displayed a gun, shoved her into a wall, and engaged in other assaultive acts towards her are "other acts" evidence that are more prejudicial than probative.

6. Moreover, to allow her statements in without giving him the right to cross-examine her would deny Mr. Wedge his Sixth Amendment right to confront a witness against him.

WHEREFORE, it is respectfully requested that Ms. Leftwich's statements to the police be excluded from evidence.

                              Respectfully Submitted,

                              _____
                              Jane Carol Norman, #384030
                              Bond & Norman PLLC
                              700 5th St. N.W. #200
                              Washington, DC 20001
                              (202) 682-4100
                              Counsel for Anthony Wedge

MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 803(2) creates a hearsay exception for "statements relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The rationale underlying the "excited utterance" exception is that "excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore

rendered unreliable. United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001), cert. denied, 535 U.S. 944, 152 L. Ed.2d 238, 122 S. Ct. 1332 (2002).

The applicability of the excited utterance exception is unaffected by the availability or unavailability of the declarant as a witness. Fed. R. Evid. 803.

For a statement to qualify as an excited utterance, the proponent of the exception must establish: (1) the occurrence of a startling event; (2) the the declarant made the statement while under the stress of excitement caused by the event; and (3) that the declarant's statement relates to the startling event. Brown, 254 F.3d at 458. Moreover, the proponent must establish these three elements by a preponderance of the evidence. United States v. Woodfolk, 656 A.2d 1145, 1150 n. 14 (D.C. 1995).

The excited utterance need not be contemporaneous with the startling event to be admissible. Rather the utterance must be contemporaneous with the excitement engendered by the startling event. The time gap is, however, a factor to consider. United States v. Jones, 299 F.3d 103, 112 (2d Cir. 2002).

Other relevant factors include: the characteristics of the event; the subject matter of the statement; whether the statement was made in response to an inquiry; and the declarant's age, motive to lie and physical and mental condition. See: United States v. Marrowbone, 211 F.3d 452, 454-55 (8th Cir. 2000).

Ms. Leftwich testified at the preventive detention hearing that she was angry at her boyfriend and wanted to teach him a lesson. She therefore lied to the police about him having a gun. Her statements therefore were lies, not excited utterances that were trustworthy.

The statements relating to Mr. Wedge allegedly showing her a gun while saying "suck my dick," shoving her into a wall, and further physically assaulting her are "other acts" crimes that are more prejudicial than probative and should be excluded whether or not the excited utterances about the Mr. Wedge having a gun are allowed in.

Finally, Crawford v. Washington, 541 U.S. 36 (2004) specifically prohibits the use of testimonial hearsay against a defendant without giving the defendant the right to cross-examine the declarant.

WHEREFORE, it is respectfully requested that the statements of Yolanda Leftwich and the statements regarding the "other acts" be excluded in limine from evidence.

Respectfully Submitted,

Jane Carol Norman

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2005, a copy of the foregoing was sent via electronic mail to: AUSA Wanda Dixon, Office of the United States Attorney, 555 4th St. N.W. #200, Washington, DC 20001.

Jane Carol Norman

4

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES OF AMERICA    :

Vs.                         : Cr. 193-05 (ESH)

ANTHONY WEDGE               :

ORDER

Having fully considered the defendant's Motion in Limine, and the Government's Opposition thereto, it is hereby ORDERED, on this _____day of_____2005 that the motion be and hereby is GRANTED, and that all statements made at the scene by Yolanda Leftowich be excluded from evidence.

```
_____
         ELLEN S. HUVELLE
       United States District Judge
```