UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-193 (ESH) |
| | : | |
| v. | : | |
| | : | **FILED** |
| | : | |
| ANTHONY WEDGE | : | JUL 21 2005 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL PROFFER

On Monday, April 25, 2005, at about 3:56pm, officers with the Metropolitan Police Department's First District (Hereinafter MPD) were flagged down by a witness who indicated that the defendant had a gun. The witness pointed out the defendant, who was walking away quickly down Barnaby Street toward Wheeler Road, SE. Officers investigated by following and observing the defendant as he attempted to gain access to at least 2 different locked apartment buildings and or courtyards. When the officers were approximately 20 feet away from the defendant, he turned and faced them, and they observed him reach into the front of the waistband of his jeans, pull out a black handgun and tossed it approximately 5 feet away while yelling words to the effect of "I ain't did a mother fucking thing." The weapon landed in an area against the building, and the defendant was immediately placed under arrest. Subsequent investigation revealed that the weapon was a black Smith and Wesson .40 caliber semi-automatic handgun containing a silver weapon magazine, which was loaded with 10 bullet cartridges.

There are no firearm or ammunition manufacturers located within the District of Columbia. Therefore, the firearm seized from Mr. Wedge on April 25, 2005, a black Smith and Wesson .40 caliber semi-automatic handgun containing a silver weapon magazine, which was loaded with 10 bullet cartridges. was manufactured outside the District of Columbia and was shipped, transported, or delivered through interstate or foreign commerce into the District of Columbia at some point prior to April 25, 2005.

At the time the defendant possessed the handgun on April 25, 2005, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and such crime does not involve the exceptions in 18 U.S.C. § 921(a)(20).[1] Specifically, on July 6, 2001, Mr. Wedge

---

[1] In 18 U.S.C. § 921(a)(20), the statute defines a "crime punishable by imprisonment for a term exceeding one year" as excluding such business crimes as antitrust offenses, as well as offenses characterized by the state as misdemeanors that are punishable by imprisonment for two years or less. The predicate felony in this case does not trigger any of these exceptions.

was found guilty of Distribution of Cocaine, in the Circuit Court for Prince George's County Maryland, and was sentenced by the Court to a term of imprisonment of 10 years without parole. (Sentence was subsequently modified on August 8, 2002, and the defendant was committed to the Maryland Department of Health and Mental Hygiene for treatment.)

### DEFENDANT'S ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Jane Norman, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7/21/05

Anthony Wedge

### ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/21/05

Jane Norman, Esquire
Attorney for Anthony Wedge