UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**OCT 18 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 05-0193-01 (ESH)
)
ANTHONY LEE WEDGE, Jr., )
)
Defendant. )

## MEMORANDUM OPINION

Defendant Anthony Wedge entered a plea of guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing on October 14, 2005, the Court imposed a sentence of 53 months' incarceration with three years of supervised release. This Memorandum Opinion sets forth the reasons for that sentence.

Pursuant to the § 2K2.1(a)(2) of the Guidelines, the base offense level is 24, and because of his acceptance of responsibility, the total offense level was decreased under § 3E1.1(b) for a total offense level of 21. Defendant has three prior convictions, and his criminal history points are 8, for a Category IV criminal history. As agreed by all parties, the resulting Guideline range is 57 to 71 months.

Following *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines are "effectively advisory." A court must consider Guidelines ranges, but is permitted "to tailor the sentence in light of other statutory concerns as well." *Id*. at 757 (citing 18 U.S.C. § 3553(a)). Pursuant to § 3553, a court must consider "the nature and circumstances of the offense and the

history and characteristics of the defendant" and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)   to afford adequate deterrence to criminal conduct;
>
> (C)   to protect the public from further crimes of the defendant; and
>
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

With respect to the nature and circumstances of the offense, it is significant that Wedge's offense did not involve any violence or threatened violence. Second, with respect to the history and characteristics of the defendant, it is noteworthy that defendant's last criminal conviction occurred in 2001, and since his release from prison in 2003, he has consistently maintained employment in the field of car mechanics and has also enrolled in Excel Institute to pursue his interest in being an auto mechanic. Since his arrest in this case, he has demonstrated a true effort to rehabilitate himself, and he has shown that he can be a productive citizen. Finally, the Court gave a non-Guideline sentence because of the fact that had the defendant been charged in D.C. Superior Court, as opposed to federal court, he would have received credit for the almost four months that he spent pretrial in a halfway house. Defendants facing gun possession charges often stand trial in local, not federal, court and in order "to avoid unwarranted sentence disparities among defendants," 18 U.S.C. § 3553(a)(6), the Court has taken into consideration the amount of time that defendant spent in a halfway house prior to sentencing.

For these reasons, the Court has concluded that a four-month reduction below the Guideline range, along with three years of supervised release, is a "just punishment," and it adequately reflects the seriousness of the offense, promotes respect for the law and meets the goal of deterrence.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:  October 18, 2005